# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: June 23, 2020

| | | |
|---|---|---|
| * * * * * * * * * * * * * | * | UNPUBLISHED |
| CAROL WILLIAMS, | * | |
| | * | |
| Petitioner, | * | No. 16-24V |
| | * | Special Master Oler |
| v. | * | |
| | * | Attorneys' Fees and Costs |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

*John R. Howie, Jr.*, Howie Law, PC, Dallas, TX, for Petitioner.
*Heather L. Pearlman*, United States Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On January 6, 2016, Carol Williams ("Petitioner") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-10 to -34 (2012). Petitioner alleged that she developed Guillain-Barré syndrome ("GBS") as a result of receiving an influenza vaccination on January 17, 2013. *See* Petition, ECF No. 1. On February 21, 2020, the parties filed a Stipulation for award, which the undersigned adopted as her Decision awarding compensation on the same day. ECF No. 70.

On March 2, 2020, Petitioner filed an application for final attorneys' fees and costs. ECF No. 75 ("Fees App."). Petitioner requests total attorneys' fees and costs in the amount of $83,713.39, representing $65,616.70 in attorneys' fees and $18,096.69 in attorneys' costs. Fees App. at 1. Pursuant to General Order No. 9, Petitioner states that she has not incurred any costs

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. **This means the Ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755.

related to this litigation. Fees App. Ex. 4. Respondent responded to the motion on March 9, 2020, stating that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and requesting that the undersigned "exercise her discretion and determine a reasonable award for attorneys' fees and costs." Resp't's Resp. at 2-3, ECF No. 76. Petitioner filed a reply on March 9, 2020, reiterating her belief that the requested amount for attorneys' fees and costs was reasonable. ECF No. 77.

This matter is now ripe for consideration.

**I.      Reasonable Attorneys' Fees and Costs**

Section 15(e) (1) of the Vaccine Act allows for the Special Master to award "reasonable attorneys' fees, and other costs." § 300aa–15(e)(1)(A)–(B). Petitioners are entitled to an award of reasonable attorneys' fees and costs if they are entitled to compensation under the Vaccine Act, or, even if they are unsuccessful, they are eligible so long as the Special Master finds that the petition was filed in good faith and with a reasonable basis. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). Here, because petitioner was awarded compensation pursuant to a stipulation, she is entitled to an award of reasonable final attorneys' fees and costs.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum v. Stenson*, 465 U.S. 886, 895 (1984). The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. The petitioner bears the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

    **a.    Reasonable Hourly Rates**

Petitioner requests the following hourly rates for the work of her counsel: for Mr. John Howie, Jr., $350.00 per hour for work performed in 2014-2016, $363.00 per hour for work performed in 2017, $383.00 per hour for work performed in 2018, and $395.00 per hour for work performed in 2019; for Ms. Zara Najam, $225.00 per hour for work performed in 2013-2016, and $233.00 per hour for work performed in 2017, and for Mr. Michael Gross, $160.00 per hour for work performed in 2018 and $182.00 per hour for work performed in 2019. Fees App. at 1-2. These rates are consistent with what Mr. Howie and his associates have previously been awarded for their Vaccine Program work and the undersigned finds them to be reasonable herein.

    **b.    Reasonable Hours Expended**

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). Additionally, it is well-established that billing for administrative/clerical tasks is not permitted in the Vaccine Program. *Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989); *Arranga v. Sec'y of Health & Human Servs.*, No. 02-1616V, 2018 WL 2224959, at *3 (Fed. Cl. Spec. Mstr. Apr. 12, 2018).

Upon review, the undersigned finds the overall hours billed to be reasonable. Counsel has provided sufficiently detailed descriptions for the tasks performed, and, upon review, the undersigned does not find any of the billing entries to be unreasonable. Respondent also did not indicate that he finds any of the billing entries to be unreasonable. Accordingly, Petitioner is entitled to final attorneys' fees in the amount of $65,616.70.

### c. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $18,096.69 in attorneys' costs. Fees App. Ex. 2 at 1-2. This amount is comprised of acquiring medical records, the Court's filing fee, postage, and work performed by Petitioner's life care planner, Ms. Lynn Trautwein. While all these costs are typical of Vaccine Program litigation and Petitioner has provided adequate documentation to support them, the undersigned finds that the final award of costs attributable to Ms. Trautwein's work must be reduced.

First, Ms. Trautwein billed her full hourly rate for travel without any indication that work was being performed while traveling. In the Vaccine Program, special masters traditionally have compensated time spent traveling when no other work was being performed at one-half an attorney's hourly rate. *See Hocraffer v. Sec'y of Health & Human Servs.*, No. 99–533V, 2011 WL 3705153, at *24 (Fed. Cl. Spec. Mstr. July 25, 2011); *Rodriguez v. Sec'y of Health & Human Servs.,* No. 06–559V, 2009 WL 2568468, at *21 (Fed. Cl. Spec. Mstr. Jul. 27, 2009); *English v. Sec'y of Health & Human Servs.*, No. 01–61V, 2006 WL 3419805, at *12–13 (Fed. Cl. Spec. Mstr. Nov. 9, 2006). The billing records indicate that Ms. Trautwein billed 12.7 hours for travel. Fees App. Ex. 5 at 4. Accordingly, $952.50 is reduced from the final award of costs. The billing entries also indicate that Ms. Trautwein typically billed at least 12 minutes for all communications such as sending e-mails and making phone calls. Upon review, this has led to an overall issue of excessive hours billed, as it is unlikely that all of Ms. Trautwein's emails took at least 12 minutes to draft. An appropriate reduction for this overbilling is $500.00.

Accordingly, petitioner is awarded final attorneys' costs in the amount of $16,644.19.

## II. Conclusion

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), the undersigned has reviewed the billing records and costs in this case and finds that Petitioner's request for fees and costs is reasonable. The undersigned finds that it is reasonable to compensate Petitioner and her counsel as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $65,616.70 |
| (Reduction to Fees) | - |
| **Total Attorneys' Fees Awarded** | **$65,616.70** |
| | |
| Attorneys' Costs Requested | $18,096.69 |
| (Reduction to Costs) | **-** ($1,452.50) |
| **Total Attorneys' Costs Awarded** | **$16,644.19** |
| | |
| **Total Amount Awarded** | **$82,260.89** |

**Accordingly, the undersigned awards a lump sum in the amount of $82,260.89, representing reimbursement for reasonable attorneys' fees and costs, in the form of a check payable jointly to Petitioner and Petitioner's counsel of record, Mr. John Howie, Jr.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[3]

**IT IS SO ORDERED.**

s/ Katherine E. Oler
Katherine E. Oler
Special Master

---

[3] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).